UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSH HAWLEY FOR SENATE
150 Long Road
Suite 50
Chesterfield MO 63005

        Plaintiff,

                                  Civil Case No. _____

v.

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463

        Defendant.


**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

      Now comes Plaintiff, Josh Hawley for Senate, and states as follows:

**INTRODUCTION**

      1.      Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552

*et seq*. ("FOIA"), challenging the Federal Election Commission's (the "FEC" or "Commission")

improper withholding of records responsive to Plaintiff's FOIA request submitted on November

23, 2021 (the "FOIA Request" or "Request").

      2.      Plaintiff filed a request for documents with the FEC on November 23, 2021,

regarding the FEC's consideration of several enforcement matters, all of which are related in

subject matter, and certain of which name Plaintiff as an administrative respondent (together, the

"Related MURs"). In response to Plaintiff's request, the FEC provided an incomplete and redacted

production on January 7, 2022, noting that it was withholding 32 pages of responsive materials

under specified FOIA exemptions. The FEC produced one additional responsive document on

March 25, 2022, and reiterated that it was withholding 32 pages of responsive materials under specified FOIA exemptions.

3.      Plaintiff filed an administrative appeal with Defendant on March 30, 2022.

4.      The FEC notified Plaintiff on April 27, 2022, that "[u]pon review of your FOIA appeal, the Commission was unable to render an opinion on whether to approve or deny the appeal by a majority vote." Due to this stalemate the FEC: (a) continues to withhold 32 pages of responsive documents, including vote certifications and a Statement of Reasons issued by two Commissioners in connection with the Related MURs; and (b) is unable to approve or deny Plaintiff's administrative appeal.

5.      The FEC long ago held votes on the administrative complaints in the Related MURs and lacked the necessary four votes to proceed with an investigation, thereby terminating the administrative complaints. Upon information and belief, certain Commissioners have arbitrarily and capriciously conspired to (i) force FEC administrative respondents such as Plaintiff into civil litigation to defend against administrative complainants' allegations and (ii) intentionally deny the parties, courts, and general public access to records of the FEC's votes and determinations as to the Related MURs, all while falsely claiming the FEC failed to act. Indeed, the FEC's FOIA violation in this matter appears to be part of a pattern and practice to deny parties in certain enforcement matters access to FEC records, including those lawfully available under FOIA. 5 U.S.C. § 552. *See*, *e.g.*, *45Committe Inc. v. FEC*, Case No. 1:22-cv-00502-ABJ (currently pending before this Court and alleging that FEC has improperly withheld responsive documents under FOIA in similarly situated matter).

6.      The FEC's withholding of responsive documents is in violation of FOIA as the FEC's cited FOIA exemptions are not applicable.

7.     The Court should order the FEC to immediately and fully comply with Plaintiff's FOIA Request, award Plaintiff costs and attorneys' fees, and find that the FEC acted arbitrarily and capriciously by withholding the responsive materials without legal basis.

## PARTIES, JURISDICTION, AND VENUE

8.     This Court has both subject matter and personal jurisdiction over the parties and claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

9.     Plaintiff Josh Hawley for Senate is a nonprofit corporation incorporated in the State of Missouri. Plaintiff is organized as a political organization pursuant to Section 527 of the Internal Revenue Code, as amended, and is registered with the Federal Election Commission as the authorized campaign committee of Senator Josh Hawley, who represents the State of Missouri in the United States Senate.

10.     Defendant Federal Election Commission is an independent agency of the United States Government. The FEC is charged with the administration and enforcement of federal campaign finance law. The FEC is headquartered in Washington, D.C., and its principal office is located at 1050 First Street, NE, Washington, DC 20463.

11.     Defendant has possession or control of records requested by Plaintiff that are the subject of this action.

## STATUTORY AND LEGAL BACKGROUND

12.     The Freedom of Information Act, 5 U.S.C. § 552, requires agencies of the federal government  to  release requested records to the public unless one or more specific statutory exemptions apply.

13.     An agency must respond to a party making a FOIA request within twenty (20) working days. Any agency response must, at a minimum, notify the requestor of whether the agency has determined to fulfill the request and of the requestor's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).  The agency must also notify the party requesting public records of "such determination and the reasons therefor" within this twenty (20) day timeframe. 5 U.S.C. § 552(a)(6)(6)(A)(i)(I).

14.     In "unusual circumstances," an agency may delay its response to a FOIA request or appeal but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

15.     There are nine (9) statutory exemptions to disclosure under FOIA. 5 U.S.C. § 552(b). FOIA "does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section." 5 U.S.C. § 552(d).  According to the FEC's two responses to Plaintiff's FOIA Request, the FEC has relied on FOIA Exemptions 3(A) and 5 in withholding responsive materials.

16.     FOIA Exemption 3(A) refers to matters that are specifically exempted from disclosure by statute, if that statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue or establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C. § 552(b)(3)(A).

17.     FOIA Exemption 5 applies to inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5).

18.     FEC regulations provide that "[a]ny person who has been notified . . . that his/her request for inspection of a record or for a copy has been denied . . . may appeal the adverse

4

determination . . . by requesting the Commission to direct that the record be made available." 11 C.F.R. § 4.8(a). "For good cause shown, the Commission may disclose a record which is subject to one of the exemptions listed in § 4.5 of this part." 11 C.F.R. § 4.8(e). The FEC must make a determination on an appeal within 20 business days. 11 C.F.R. § 4.8(f).

19.     "As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013). If, however, an agency does not adhere to the above-referenced statutory timelines in responding to a FOIA request, the requester is deemed by statute to have fulfilled the exhaustion requirement. 5 U.S.C. § 552(a)(6)(C)(i).

20.     "To trigger the exhaustion requirement, an agency must make and communicate its 'determination' whether to comply with a FOIA request — and communicate 'the reasons therefor' — within 20 working days of receiving the request, or within 30 working days in "unusual circumstances.' *Id*. at § 552(a)(6)(A)(i), (a)(6)(B)(i). If the agency has made and communicated its 'determination' in a timely manner, the requester is required to administratively appeal that 'determination' before bringing suit. But if the agency has not issued its 'determination' within the required time period, the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d at 182.

21.     This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter *de novo* and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld

under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

22.     The FEC is tasked with the administration and civil enforcement of the Federal Election Campaign Act, as amended, 52 U.S.C. §§ 30101-46. The FEC oversees compliance with public disclosure requirements regarding funds raised and disbursed to influence federal elections, and with restrictions on receipts and expenditures, among other campaign finance regulations.

23.     Plaintiff is an administrative respondent in certain FEC enforcement matters. Those enforcement matters are among the Related MURs that are the subject of two civil actions before this Court: *Giffords v. FEC*, No. 1:19-cv-1192-EGS; and *Giffords v. National Rifle Association of American Political Victory Fund, et. al.*, No. 1:21-cv-02887-EGS (hereinafter, "*Giffords v NRA*").

24.     On November 1, 2021, the Court in *Giffords v. FEC* authorized Giffords to file suit directly against the targets of its administrative complaint, pursuant to 52 U.S.C. § 30109(a)(8)(C), on the basis of an alleged "failure of the Commission to act on" Giffords' administrative complaints. Order, *Giffords v. FEC*, No. 1:19-cv-1192-EGS (D.D.C. Nov. 1, 2021), ECF No. 75. Giffords should not have been permitted to pursue private action because the FEC acted on Giffords' administrative complaints when it deadlocked on votes to pursue enforcement action and thereby dismissed those complaints. Even FEC counsel admitted that the Commissioners had in fact voted on the administrative complaints at issue and the controlling bloc of Commissioners had prepared and submitted a Statement of Reasons for the administrative record. Nevertheless, the Court permitted the action to proceed. *Id*.

25.     Because of that order, on November 2, 2021, Giffords filed *Giffords v. NRA* ostensibly under 52 U.S.C. § 30109(a)(8)(C). Josh Hawley for Senate, the Plaintiff in the present

matter, is a Defendant in *Giffords v. NRA*. Josh Hawley for Senate filed a Motion to Dismiss in *Giffords v. NRA* on January 21, 2022, and a Reply to Plaintiff's Opposition to its Motion to Dismiss on March 4, 2022.

26.     Plaintiff filed a FOIA Request with the FEC on November 23, 2021, to obtain materials necessary to its defense in *Giffords v. NRA*—namely, documents evidencing the FEC's votes on the administrative complaints and the controlling Statement of Reasons. Specifically, Plaintiff requested records of votes cast by FEC Commissioners in connection with any and all of the following enforcement matters: Matter Under Review ("MUR") 7427; 7497; 7621; 7524; 7553; 7558; 7560; 7621; 7654; and *Giffords v. FEC*, 1:19-cv-01192. In addition, Plaintiff requested copies of any Statements of Reasons prepared by FEC Commissioners in connection with any and all of the following enforcement matters: MUR 7427; 7497; 7621; 7524; 7553; 7558; 7560; 7621; 7654; and *Giffords v. FEC*, 1:19-cv-01192. Plaintiff's FOIA Request is attached as **Exhibit A**.

27.     The FEC acknowledged receipt of Plaintiff's FOIA Request via email on November 24, 2021. The FEC's acknowledgement email is attached as **Exhibit B**.

28.     The FEC informed Plaintiff by email on December 22, 2021, that it was "extending the processing period to respond to your request by ten (10) working days to January 7, 2022." The FEC's extension email is attached as **Exhibit C**.

29.     On January 7, 2022, the FEC responded to Plaintiff's FOIA Request with six pages of redacted documents. The FEC asserted that redactions were made pursuant to FOIA Exemption 5. The FEC also informed Plaintiff that it was:

> withholding 32 pages of responsive materials under FOIA Exemptions 3(A) and 5. FOIA Exemption 3(A) protects from disclosure information that is specifically exempted from disclosure by statute. See 5 U.S.C. § 552(b)(3)(A). Pursuant to the Federal Election Campaign Act, the FEC may not disclose information related to

open enforcement matters. 52 U.S.C. § 30109(a)(12). This continues to apply to respondents in open matters who have not waived confidentiality pursuant to 52 U.S.C. § 30109(a)(12) and 11 C.F.R. § 111.21.

The FEC's response of January 7, 2022, is attached as **Exhibit D**.

30.     On March 25, 2022, the FEC responded to Plaintiff's FOIA Request with one additional document. The FEC also informed Plaintiff:

On January 7, 2022, the FOIA Service Center produced six pages of records responsive to your request, consisting of vote certifications in Giffords v. FEC, No. 19-1192. We also informed you that we were withholding 32 pages of materials under FOIA Exemptions 3(A) and 5, which consist of vote certifications and a Statement of Reasons in MURs 7427, 7497, 7621, 7524, 7553, 7558, 7560, 7621, and 7654.

The FEC asserted that "[t]his completes the FEC's response to your request." The FEC's response of March 25, 2022, is attached as **Exhibit E**.

31.     Plaintiff filed an administrative appeal with the FEC on March 30, 2022, seeking consideration by the Commissioners of the FEC's improper withholding of responsive documents, and requesting that the Commissioners direct that all responsive documents be produced. Plaintiff's administrative appeal is attached as **Exhibit F**.

32.     On April 27, 2022, the FEC informed Plaintiff that "[u]pon review of your FOIA appeal, the Commission was unable to render an opinion on whether to approve or deny the appeal by a majority vote." The FEC's correspondence regarding the Commissioners' consideration of Plaintiff's administrative appeal is attached as **Exhibit G**. The effect of the Commissioners' divided vote is apparently to maintain the status quo, and the FEC continues to improperly withhold documents responsive to Plaintiff's FOIA Request.

33.     In November 2021, Plaintiff, along with all other administrative respondents in the Related MURs, filed waivers of confidentiality under 52 U.S.C. § 30109 with the FEC's Office of General Counsel. Plaintiff executed and filed this waiver of confidentiality for the express purpose

of allowing the FEC to publicly release documents in the above-referenced matters implicating the activities of Plaintiff. *See* **Exhibit H**.

34.      Plaintiff notified the FEC's FOIA Office of the administrative respondents' waivers of confidentiality filings in its FOIA Request and again in its Administrative Appeal. Plaintiff attached copies of all waivers of confidentiality to its Administrative Appeal.

35.      The Court in Giffords v. FEC placed many of the filings in that matter under seal. On December 13, 2021, the Court in *Giffords v. FEC* unsealed the record in that case after copies of the above-referenced waivers of confidentiality were filed with the Court. Minute Order, *Giffords v. FEC*, No. 1:19-cv-1192-EGS (D.D.C. Dec. 13, 2021). Details regarding the FEC's consideration of the Related MURs, including the specific dates and results of votes and the existence of the controlling Statement of Reasons, are now known to persons outside the FEC only because the court unsealed the record in *Giffords v. FEC*.

36.      Although the dates and results of votes taken in connection with the Related MURs are now known to the public, the FEC has refused to provide Plaintiff with the vote certifications of those same votes in response to its FOIA Request. Similarly, it is now known to the public that the two Commissioners who voted to dismiss the Related MURs provided the legally controlling Statement of Reasons for the administrative record on October 26, 2021, but the FEC has refused to provide Plaintiff with a copy of that Statement of Reasons in response to its FOIA Request. *See*, *e.g.*, Transcript, *Giffords v. FEC*, No. 1:19-cv-1192-EGS (D.D.C. Dec. 27, 2021), ECF No. 89 at 7.

37.      The FEC's two responses to Plaintiff's FOIA Request do not adequately explain why the FEC believes FOIA Exemptions 3(A) and 5 apply to the 32 pages of withheld responsive materials.

38.     Because all administrative respondents have waived their confidentiality rights under 52 U.S.C. § 30109, the FEC cannot rely on FOIA Exemption 3(A) as justification for withholding responsive documents. The court in *Giffords v. FEC* has already made public information about the contents of these documents on the basis of the administrative respondents' waivers of confidentiality.

39.     The FEC cannot rely on FOIA Exemption 5 because the Related MURs have been lawfully dismissed, the FEC's consideration of the Related MURs is ended, and the FEC has taken final agency action. The documents withheld are neither predecisional nor deliberative. The two Commissioners who voted to dismiss the Related MURs submitted their Statement of Reasons for the administrative record. In the case of a "deadlocked" enforcement vote, where there are not the statutorily required four votes to proceed with enforcement action, this Statement of Reasons constitutes the FEC's rationale for dismissal that is subject to judicial review. *See FEC v. Nat'l Republican Senatorial Comm.*, 966 F.2d 1471, 1476 (D.C. Cir. 1992) ("Since those Commissioners constitute a controlling group for purposes of the decision [to dismiss], their rationale necessarily states the agency's reasons for acting as it did."). Thus, the FEC has made its decision in the Related MURs and, as a result, the documents related to the Related MURs are, by definition, no longer "predecisional" or "deliberative." The FEC's response of January 7, 2022, asserts that "the FEC may not disclose information related to open enforcement matters," but the FEC's asserted position that the Related MURs remain "open" is legal error under FECA, as construed by applicable D.C. Circuit precedent. *See Citizens for Responsibility & Ethics v. FEC*, 993 F.3d 880, 891 (D.C. Cir. 2021) (rejecting argument that four votes are required for dismissal of enforcement matter and affirming longstanding holding that deadlocked enforcement votes result in "deadlock dismissal").

40.    The withheld responsive documents are critical to assisting Plaintiff in ongoing litigation. These documents, including the FEC's controlling Statement of Reasons in the Related MURs, the existence of which the FEC acknowledged in separate litigation, would provide necessary and vital information to assist the Court in considering issues raised in *Giffords v NRA*. The FEC's refusal to provide such documents, as well as the FEC's failure to adequately explain why FOIA Exemption 5 applies despite binding D.C. Circuit precedent to the contrary, is not only a direct violation of the FEC's FOIA obligations and Plaintiff's legal rights, but also directly harms Plaintiff's ability to defend itself in pending litigation.

41.    Plaintiff has fully exhausted its administrative remedies regarding the FOIA Request at issue in this matter and is now entitled to judicial action enjoining the FEC from continuing to improperly withhold records and ordering the production of records improperly withheld.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**(Injunctive and Declaratory Relief Due To the FEC's Wrongful Failure to Produce Records Pursuant to, and Violation of the Provisions of FOIA)**

42.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43.    FOIA authorizes a court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

44.    Plaintiff properly requested records that are within the FEC's custody and control.

45.     The FEC is an agency subject to FOIA, and therefore must release, in response to a FOIA request, any non-exempt records and provide a valid and lawful reason for withholding any materials.

46.     The FEC is improperly attempting to use FOIA Exemptions 3(A) and 5 to shield from disclosure its votes on administrative complaints, including matters involving Plaintiffs, and a Statement of Reasons submitted for the administrative record in connection with those same administrative complaints.

47.     By refusing and/or failing to produce the requested records when there is no legal basis for doing so the FEC violates Plaintiffs' legal rights under the FOIA statute and is otherwise in violation of the FOIA statute.

48.     The FEC's failure to produce opinions rendered in enforcement proceedings is directly contrary to 11 C.F.R. § 4.4(a)(3) and 4.5.

49.     The FEC acted in an arbitrary and capricious manner with respect to its failure to release the requested records because the Commission has not provided adequate legal basis for withholding the records or delaying production, and because the purported legal basis for the Commission doing so is contrary to binding D.C. Circuit precedent. *See* 5 U.S.C. § 552(a)(4)(F)(i).

50.     Plaintiff has exhausted its administrative appeal rights, and therefore may bring suit in this Court.

51.     Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the disclosure and release of the records pursuant to Plaintiffs' FOIA Request and is entitled to relief requiring the FEC to promptly produce all non-exempt records and to provide a meaningful index justifying the withholding of any responsive records in a manner that allows the Court to review the same in-camera.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Josh Hawley for Senate respectfully requests the following relief:

1.      A declaration that Defendant FEC violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA Request;

2.      An Order compelling the FEC to immediately process and release all records responsive to Plaintiff's FOIA Request at no cost to Plaintiffs, including but not limited to the 32 pages of withheld responsive documents referenced in the FEC's responses to Plaintiff's FOIA Request, and/or to immediately provide an index of all withheld documents along with sufficient information such that Plaintiff and the Court may ascertain the basis for the Commission's withholding of the withheld responsive documents, and the propriety and legality of same;

3.      A preliminary and permanent injunction enjoining Defendant FEC from withholding records responsive to Plaintiff's FOIA Request;

4.      A declaration that the FEC acted arbitrarily and capriciously by withholding the requested records because the FEC lacked a legitimate and legal basis to do so under FOIA or otherwise;

5.      A ruling that this Court retain jurisdiction of this action to ensure that the FEC properly and lawfully responds to the Request thus ensuring that no records are wrongfully withheld;

6.      An award to Plaintiff of costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or as otherwise provided by law in light of the FEC's lack of good faith in refusing to comply with the statutory requirements and thereby requiring Plaintiffs to expend resources in this matter; and

7.      A grant of any and all other or additional relief that the Court may deem just and proper.

Dated: May 10, 2022                        Respectfully submitted,


                                           */s/Jason Torchinsky*
                                           Jason Torchinsky (D.C. Bar No. 976033)
                                           jtorchinsky@holtzmanvogel.com
                                           Jessica Johnson (D.C. Bar No. 976688)
                                           jessica@holtzmanvogel.com
                                           J. Michael Bayes (D.C. Bar No. 501845)
                                           jmbayes@holtzmanvogel.com
                                           Dennis Polio (D.C. Bar No.198054)
                                           dwpolio@holtzmanvogel.com
                                           HOLTZMAN VOGEL BARAN TORCHINSKY &
                                           JOSEFIAK PLLC
                                           2300 N Street NW, Suite 643A
                                           Washington, DC 20037
                                           Tel: (540) 341-8808
                                           Fax: (540) 341-8809

                                           *Counsel for Plaintiff Josh Hawley for Senate*

## CERTIFICATE OF SERVICE

I certify that the foregoing complaint will be served as soon as the summons is available on the following persons by certified mail, return receipt requested, and that a courtesy copy will be emailed to Kevin Deeley, FEC's Associate General Counsel for Litigation, at kdeeley@fec.gov:

Office of the General Counsel
Federal Election Commission
1050 First Street NE
Washington, DC 20463

And

Attorney General of the United States Merrick Garland
c/o Assistant Attorney General for Administration
Justice Management Division
950 Pennsylvania Ave. NW
Room 1111
Washington, D.C. 20530

And

Matthew M. Graves
United States Attorney for the District of Columbia
Civil Process Clerk
555 4th St. NW
Washington, D.C. 20001


/s/Jason Torchinsky
Jason Torchinsky