EXHIBIT F

# Holtzman Vogel

### HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC

**FOIA APPEAL**

March 30, 2022

Chief FOIA Officer
Federal Election Commission
1050 First Street, NE
Washington, DC 20463

**Re:    FOIA Request (2022-014); FOIA Administrative Appeal**

Dear Mr. Baker,

On behalf of FOIA Requester Josh Hawley for Senate, the undersigned counsel hereby files this administrative appeal in the matter designated 2022-14.  As set forth below, the FEC's FOIA Service Center improperly withheld responsive documents and we request the Commission direct that all responsive records be produced.

**Background**

- The Requestor filed its FOIA Request on November 22, 2021.
- A representative from the FEC's FOIA Requester Service Center acknowledged receipt by email on November 24, 2021.
- By email dated December 22, 2021, the FEC granted itself an extension to January 7, 2022.
- On January 7, 2022, the FEC provided a partial response to the FOIA Request and produced six pages of partially redacted material.  The FEC also stated that it was "withholding 32 pages of responsive materials under FOIA Exemptions 3(A) and 5." The FEC's correspondence explained: "FOIA Exemption 3(A) protects from disclosure information that is specifically exempted from disclosure by statute.  See 5 U.S.C. § 552(b)(3)(A).  Pursuant to the Federal Election Campaign Act, the FEC may not disclose information related to open enforcement matters.  52 U.S.C. § 30109(a)(12).  This continues to apply to respondents in open matters who have not waived confidentiality pursuant to 52 U.S.C. § 30109(a)(12) and 11 C.F.R. § 111.21."
- On March 25, 2022, the FEC provided an additional response to the FOIA Request and produced one more page of responsive documents.  The FEC's correspondence also explained: "On January 7, 2022, the FOIA Service Center produced six pages of records responsive to your request, consisting of vote certifications in *Giffords v. FEC*, No. 19-1192.  We also informed you that we were withholding 32 pages of materials under FOIA Exemptions 3(A) and 5, which consist of vote certifications and a Statement of Reasons in MURs 7427, 7497, 7621, 7524, 7553, 7558, 7560, 7621, and 7654."

The documents and correspondence referenced above are included as Exhibit A.

## The Requested Materials Cannot Be Withheld Pursuant to FOIA Exemptions 3(A) and 5

The FEC withheld vote certifications and one or more Statements of Reasons in MURs 7427, 7497, 7621, 7524, 7553, 7558, 7560, 7621, and 7654, claiming that those materials are covered by Exemptions 3(A) and 5.  Neither exemption is applicable and all requested documents should be produced.

### Exemption 3(A)

Exemption 3(A), set forth at 11 C.F.R. § 4.5(a)(3)(A), applies to records "[s]pecifically exempted from disclosure by statute, provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue."  FECA's applicable non-disclosure provision, 52 U.S.C. § 30109(a)(12), does not apply here because the administrative respondents have waived their confidentiality rights.

Section 30109(a)(12)(A) provides that "[a]ny notification or investigation made under this section shall not be made public by the Commission or by any person *without the written consent of the person receiving such notification* or the person with respect to whom such investigation is made."  With respect to the MURs identified in the FOIA Request, all respondents have filed written waivers of confidentiality with the FEC's Office of General Counsel.  The FOIA Request advised the FOIA Requester Service Center that these waivers were "on file with the Federal Election Commission Office of General Counsel" and that "Section 30109 should not serve as an impediment to disclosure of the requested records."

In December 2021, the court in *Giffords v. FEC*, 1:19cv1192, which involves several of the MURs referenced above, unsealed the record in the case after being provided with the administrative respondents' waivers of confidentiality.  As previously noted, these waivers are on file with the Office of General Counsel, and we include them here as Exhibit B for the avoidance of any confusion and to ensure they are part of the record in this matter.  The administrative respondents in these matters have expressly waived their confidentiality rights under Section 30109.  That provision exists solely to protect the privacy of accused respondents, and once that privacy interest has been waived, the FEC can no longer use the provision to avoid disclosure.  *See In re Sealed Case 00-5116*, 237 F.3d 657, 666 (D.C. Cir. 2001) ("both FECA and the FEC's regulations interpreting the statute create an extraordinarily strong privacy interest in keeping the records sealed *absent a party's express written consent to the contrary*") (emphasis added).  FOIA Exemption 3(A) no longer applies in this matter.

### Exemption 5

Exemption 5, set forth at 11 C.F.R. § 4.5(a)(5), applies to records that constitute "[i]nter-agency or intra-agency memoranda or letters which would not be available by law to a party in litigation with the Commission."  Exemption 5 has been construed to apply to records that would be privileged against discovery.  *See generally Ctr. For Biological Diversity v. United States Army Corps of Eng'rs*, 405 F. Supp. 3d 127, 140 (D.D.C. 2019) (discussing scope and

application of Exemption 5).  Neither of the FEC's two responses to the FOIA Request identify which privilege the agency is claiming, although we presume it is the executive deliberative process privilege.  (Attorney-client privilege and attorney work-product privilege are both plainly inapplicable.). In addition, "in order to qualify for the deliberative process privilege under Exemption 5, *the government must demonstrate* that the document is either inter-agency or intra-agency in nature, and also that it is both predecisional and part of the agency's deliberative process." *Dow Jones & Co. v. DOJ*, 917 F.2d 571, 574 (D.C. Cir. 1990) (emphasis added).  Neither of the FEC's two responses provides any rationale for its purported application of Exemption 5.

The District Court recently explained: "To qualify for this privilege, the document must be both 'predecisional' and 'deliberative.'  A predecisional communication is one that 'precedes, in a temporal sense, the 'decision' to which it relates.  A deliberative communication is one that is 'a part of the agency give-and-take – of the deliberative process – by which the decision itself is made." *Ctr. for Public Integrity v. FEC*, 332 F. Supp. 3d 174, 178 (D.D.C. 2018).

The records the FEC withheld are neither "predecisional" nor "deliberative."  From the record in *Giffords v. FEC*, it is publicly known that consideration of the MURs at issue resulted in deadlocked enforcement votes.  Specifically, from Judge Sullivan's Memorandum Opinion (Oct. 14, 2021), the public knows that a May 2019 "tally vote was inconclusive," that a vote to find no reason to believe in MURs 7427 and 7497 "failed 2-3 with one recusal" on February 9, 2021, and that a series of 3-2 and 2-3 votes were cast on February 23, 2021 in MURs 7427, 7497, 7524, and 7553.  At a hearing before the Court held on November 1, 2021, the FEC revealed that the Commissioners again deadlocked in votes taken on October 26, 2021, and also informed the Court that the Commissioners who voted against finding reason to believe "submitted to the administrative record their statement of reasons."  Thus, the Commission's decision in these matters has been made.

In an enforcement matter where the Commissioners "deadlock" – that is, fail to garner four votes to find either reason to believe or no reason to believe – the D.C. Circuit requires the Commissioners who voted against finding reason to believe to produce a written Statement of Reasons.  *See FEC v. Nat'l Republican Senatorial Comm.*, 966 F.2d 1471, 1476 (D.C. Cir. 1992) ("Since those Commissioners constitute a controlling group for purposes of the decision [to dismiss], their rationale necessarily states the agency's reasons for acting as it did."); *see also Democratic Congressional Campaign Committee v. FEC*, 831 F.2d 1131 (D.C. Cir. 1987).  This Statement of Reasons is not an "intra-agency memorandum" because it is written for the public record and court review.  Furthermore, it is in no way "predecisional" or "deliberative."  Under applicable D.C. Circuit precedent, it serves as the explanation for the Commission's *decision* in the matter; once this Statement of Reasons is issued, the FEC's decision is made and there is no further deliberation.  The controlling Commissioners' Statement of Reasons publicly explains the FEC's final decision in an enforcement matter for purposes of judicial review.  Such Statement serves as the FEC's public, judicially reviewable explanation of its decision, is affirmatively required by the D.C. Circuit, and it is not subject to FOIA Exemption 5 or otherwise privileged.

*****

HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC

 

 

For the reasons set forth above, we request the Commission direct that all responsive documents be produced to the FOIA Requestor.

Sincerely,

Jason Torchinsky
Michael Bayes
Jessica F. Johnson
*Counsel to Josh Hawley for Senate*

Attachments

# EXHIBIT 1



# JOSH HAWLEY

Salvatore Purpura
Treasurer
Josh Hawley For Senate
6334 Pumpernickel Lane
Monroe, NC 28110

November 22, 2021

Federal Election Commission
Attn: FOIA Requester Service Center
1050 First Street, NE
Washington, DC 20463

Re: Freedom of Information Act (FOIA) Request

To Whom It May Concern:

I submit this request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and 11 C.F.R. § 4.1 *et seq*. I request that a copy of the records detailed below be provided to me. I do not wish to inspect the records first.

I seek any and all records, as that term is defined under FOIA (5 U.S.C. § 552(f)(2)), and applicable case law (*see, e.g., Forsham v. Harris*, 455 U.S. 169, 193 (1980)), existing in any format whatsoever, including, but not limited to, written correspondence, email correspondence, records of telephone correspondence, records pertaining to in-person meetings, calendar or scheduling entries, videotapes, photographs, computer print- outs, telephone messages, or voice mail messages.

In particular, I request the following:

(1)  Records of votes cast by FEC Commissioners in connection with any and all of the following matters:

- Matter Under Review 7427
- Matter Under Review 7497
- Matter Under Review 7621
- Matter Under Review 7524
- Matter Under Review 7553
- Matter Under Review 7558
- Matter Under Review 7560

**PAID FOR BY JOSH HAWLEY FOR SENATE**

- Matter Under Review 7621
- Matter Under Review 7654
- Giffords v. Federal Election Commission, 1:19-cv-01192

(2)  Statements of Reasons prepared by FEC Commissioners in connection with any and all of the following matters:

- Matter Under Review 7427
- Matter Under Review 7497
- Matter Under Review 7621
- Matter Under Review 7524
- Matter Under Review 7553
- Matter Under Review 7558
- Matter Under Review 7560
- Matter Under Review 7621
- Matter Under Review 7654
- Giffords v. Federal Election Commission, 1:19-cv-01192

Please be advised that all respondents to these matters have waived their rights to confidentiality under 52 U.S.C. § 30109 and 11 C.F.R. § 111.21.  These waivers are on file with the Federal Election Commission Office of General Counsel.  Accordingly, Section 30109 should not serve as an impediment to disclosure of the requested records.

Notice is hereby given that I am requesting these records as an "other requestor[]" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii)(III) and 11 C.F.R. § 4.9(c)(1)(iv).

Notice is hereby given that I am willing to pay the appropriate fees incurred and assessed for the "document search and duplication" of the agency records responsive to this request. 5 U.S.C. § 552(a)(4)(A)(ii)(III); *see also* 11 C.F.R. § 4.9(c)(1)(iv).

Please search for responsive records regardless of format, medium, or physical characteristics. I request that responsive records be produced in native format, or the format most felicitous to an expedited production. Upon receipt of this request, please take all reasonable steps to preserve relevant public records while the request is pending.

If it is your position that any portion of the requested records is exempt from disclosure, I request that you provide a *Vaughn* index of those documents. See *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). As you are aware, a *Vaughn* index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology v. Bell*, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought- after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987).

---

**PAID FOR BY JOSH HAWLEY FOR SENATE**

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable, non-exempt portions of the requested records. See 5 U.S.C. § 552(b). Pursuant to regulation, please clearly delineate any and all redactions in such a manner so that the justification for each redaction is apparent. *See* 11 C.F.R. § 4.5(c). If it is your position that a document contains non-exempt segments and that those non-exempt segments are so dispersed throughout the documents as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed through the document. *Mead Data Cent. v. U.S. Dep't of the Air Force*, 455 F.2d 242, 261 (D.C. Cir.
1977). Claims of non-segregability must be made with the same detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

If you have any questions about this request, please do not hesitate to contact me by phone at (704) 668-1993 or by email at **salpurpura2010@gmail.com**.  If records are available in electronic format, please email the documents to **salpurpura2010@gmail.com**.  If not, please send the requested documents to my attention at:

> **Salvatore Purpura**
> **Treasurer**
> **Josh Hawley For Senate**
> **6334 Pumpernickel Lane**
> **Monroe, NC 28110**

Because of the time-sensitive nature of this request, I ask that you strictly comply with the 20-day time limit established by FOIA and applicable FEC regulations. *See* 5 U.S.C. § 552(a)(6)(A); 11 C.F.R. § 4.7(c). Please be advised that once this 20-day period has expired, you are deemed to have constructively denied this request, and I will consider the internal appeals process to be constructively exhausted. *See, e.g., Citizens For Ethics And Responsibility In Government v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013). I also respectfully request that documents be made available as soon as they are located and reviewed via a rolling production. I will undertake to pay any and all reasonable increased costs incurred as part of a rolling production.

Sincerely,

Sal Purpura
Treasurer Josh Hawley for Senate

**Subject:**      Your Freedom of Information Act Request to the Federal Election Commission FOIA (2022-014)
**Date:**         Wednesday, November 24, 2021 at 8:21:52 AM Eastern Standard Time
**From:**         FOIA
**To:**           Mike Bayes
**Attachments:** image001.jpg


Your Freedom of Information Act Request to the Federal Election Commission FOIA (2022-014)

Dear Mr. Bayes:

This email acknowledges receipt of your Freedom of Information Act (FOIA) request dated November 23, 2021.

Specifically, you requested the following:

"1) Records of votes cast by FEC Commissioners in connection with any and all of the following matters:
Matter Under Review 7427
Matter Under Review 7497
Matter Under Review 7621
Matter Under Review 7524
Matter Under Review 7553
Matter Under Review 7558
Matter Under Review 7560
Matter Under Review 7621
Matter Under Review 7654
Giffords v. Federal Election Commission, 1:19-cv-01192
(2) Statements of Reasons prepared by FEC Commissioners in connection with any and all of the following matters:
Matter Under Review 7427
Matter Under Review 7497
Matter Under Review 7621
Matter Under Review 7524
Matter Under Review 7553
Matter Under Review 7558
Matter Under Review 7560
Matter Under Review 7621
Matter Under Review 7654
Giffords v. Federal Election Commission, 1:19-cv-01192."


We received your request on November 23, 2021.

We will soon be initiating our search for records responsive to your request.  If we determine that you have requested a voluminous amount of records that require extensive searching and examination, we will contact you to discuss your willingness to modify your request.

Any questions regarding the status of this request should be directed to our office at foia@fec.gov or 202-694-1650.  Please cite the following unique tracking number in all future correspondence regarding this

matter: FOIA Request 2022-014.

Thank you for contacting the Federal Election Commission.

Sincerely,

Christopher Mealy
FEC FOIA Requester Service Center

---

**From:** Mike Bayes <jmbayes@HoltzmanVogel.com>
**Sent:** Tuesday, November 23, 2021 9:13 AM
**To:** FOIA <FOIA@fec.gov>
**Cc:** salpurpura2010@gmail.com
**Subject:** FREEDOM OF INFORMATION ACT REQUEST

The attached **Freedom of Information Act Request** is submitted on behalf of Josh Hawley for Senate, and Salvatore Purpura, in his capacity as Treasurer.

Please let us know if you have any questions or require additional information.

Thank you,

**Michael Bayes**
**Holtzman Vogel Baran Torchinsky & Josefiak PLLC**
**Mobile: (571) 235-7130**
jmbayes@HoltzmanVogel.com // www.HoltzmanVogel.com

**Washington DC Office**
2300 N Street, NW, Ste 643-A
Washington, DC  20037
**(202) 737-8808**

**Virginia Office**
15405 John Marshall Highway
Haymarket, VA  20169
**(540) 341-8808**



PRIVILEGED AND CONFIDENTIAL
This communication and any accompanying documents are confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited.  Moreover, any such disclosure shall not compromise or waive the attorney-client, accountant-client, or other privileges as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address.  Thank you.

DISCLAIMER
Any accounting, business or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties.  If desired, Holtzman Vogel Baran Torchinsky & Josefiak PLLC would be pleased to perform the requisite research and provide you with a detailed written analysis.  Such an engagement may be the subject of a separate engagement letter that would define the scope and limits of the desired consultation services.

**Subject:** Freedom of Information Act Request to the Federal Election Commission (2022-014)
**Date:** Wednesday, December 22, 2021 at 11:04:13 AM Eastern Standard Time
**From:** FOIA
**To:** Mike Bayes

VIA ELECTRONIC MAIL

Mike Bayes
Holtzman Vogel Baran Torchinsky & Josefiak PLLC
2300 N Street, NW, Ste 643-A
Washington, DC  20037
(202) 737-8808
jmbayes@HoltzmanVogel.com

**Re:    Your Freedom of Information Act Request to the Federal Election Commission (2022-014)**

Dear Mr. Bayes,

This email concerns the request you filed on behalf of Josh Hawley for Senate, and Salvatore Purpura, Treasurer, for information under the Freedom of Information Act (FOIA) received by the Federal Election Commission's (FEC) FOIA Requester Service Center on November 23, 2021.  Specifically, you requested:

> **Records of votes cast and Statements of Reason in MURs 7427, 7497, 7621, 7524, 7553, 7558, 7560, 7621, and 7654 and in *Giffords v. Federal Election Commission*, 1:19-cv-01192**

In accordance with 5 U.S.C. § 552(a)(6)(B)(i) and 11 C.F.R. § 4.7(c), we are extending the processing period to respond to your request by ten (10) working days to **January 7, 2022.**  This extension is necessary because your request requires consultation with two or more components of the Commission which have a substantial subject matter interest in the request. 11 C.F.R. § 4.7(c)(3).

If you have any questions about this letter, you may contact the FOIA Requester Service Center at (202) 694-1650 or by email at FOIA@fec.gov.  Please include the following tracking number in all future correspondence regarding this matter – FOIA Request 2022-014.

Sincerely,

Steve N. Hajjar

FOIA Requester Service Center

**Subject:**      Freedom of Information Act Request to the Federal Election Commission (2022-014)
**Date:**         Friday, January 7, 2022 at 5:23:43 PM Eastern Standard Time
**From:**         FOIA
**To:**           Mike Bayes
**CC:**           Press
**Attachments:** 2022-014 Bayes Responsive Records_Redacted.pdf

VIA ELECTRONIC MAIL

Michael Bayes
Holtzman Vogel Baran Torchinsky & Josefiak PLLC
2300 N Street, NW, Ste 643-A
Washington, DC  20037
(202) 737-8808
jmbayes@HoltzmanVogel.com

**Re:     Your Freedom of Information Act Request to the Federal Election Commission (2022-014)**

Dear Mr. Bayes,

This email responds to the request you filed on behalf of Josh Hawley for Senate, and Salvatore
Purpura, Treasurer, for information under the Freedom of Information Act (FOIA) received by the
Federal Election Commission's (FEC) FOIA Requester Service Center on November 23, 2021.
Specifically, you requested:

> **Records of votes cast and Statements of Reason in MURs 7427, 7497, 7621, 7524, 7553,
> 7558, 7560, 7621, and 7654 and in *Giffords v. Federal Election Commission*, 1:19-cv-01192**

The FOIA Service Center has conducted a search and located documents responsive to your request.

Attached to this email is a six-page PDF containing records responsive to your request, portions of
which have been redacted under FOIA Exemption 5, which protects from disclosure inter- or intra-
agency memoranda or letters that would not be available by law to a party other than an agency in
litigation with the agency, including documents covered by the attorney work-product, deliberative
process, and attorney-client privileges.  *See* 5 U.S.C. § 552(b)(5).

We are also withholding 32 pages of responsive materials under FOIA Exemptions 3(A) and 5.  FOIA
Exemption 3(A) protects from disclosure information that is specifically exempted from disclosure by
statute.  *See* 5 U.S.C. § 552(b)(3)(A).  Pursuant to the Federal Election Campaign Act, the FEC may not
disclose information related to open enforcement matters.  52 U.S.C. § 30109(a)(12).  This continues to
apply to respondents in open matters who have not waived confidentiality pursuant to 52 U.S.C.
§ 30109(a)(12) and 11 C.F.R. § 111.21.

Accordingly, your request has been granted in part.

You may contact our FOIA Public Liaison, Christine McClarin, at (202) 694-1485 for any further
assistance and to discuss any aspect of your request.  Additionally, you may contact the Office of

Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Chief FOIA Officer, Federal Election Commission, 1050 First St., N.E., Washington, DC 20463, or sending an e-mail to foia@fec.gov.  Any such appeal should follow the guidelines set forth in the Commission's FOIA regulations at 11 C.F.R. § 4.8.  Thank you for contacting the FEC.


Sincerely,

Steve N. Hajjar
FOIA Service Center

BEFORE THE FEDERAL ELECTION COMMISSION

In the Matter of                           )
                                           )   Civ. No. 19-1192 (EGS) (D.D.C. filed
Giffords v. FEC: (b) (5)                   )   April 24, 2019)
(b) (5)                                    )   Agenda Document No. X19-17

## CERTIFICATION

I, Laura E. Sinram, recording secretary of the Federal Election Commission executive

session, do hereby certify that on May 09, 2019, the Commission took the following actions in

the above-captioned matter:

1. Failed by a vote of 3-1 to:

   Authorize the Office of General Counsel to defend the Commission in
   *Giffords v. FEC*, Civ. No. 19-1192 (EGS) (D.D.C. filed April 24, 2019).

Commissioners Hunter, Petersen, and Walther voted affirmatively for the motion.

Commissioner Weintraub dissented.

2. Decided by a vote of 4-0 to:

   a. Grant authority to the Office of General Counsel to defend this
      litigation (*Giffords v. FEC*, No. 19-cv-1192) (b) (5)



Federal Election Commission                                      Page 2
Certification for Giffords v. FEC, Civ. No. 19-1192: **(b) (5)**
**(b) (5)**
May 9, 2019

# (b) (5)

# (b) (5)

Commissioners Hunter, Petersen, Walther, and Weintraub voted affirmatively for the

decision.

Attest:

5/10/19
————————————                    *Laura E. Sinram*
Date                            ————————————
                                Laura E. Sinram
                                Deputy Secretary of the Commission

BEFORE THE FEDERAL ELECTION COMMISSION

| | |
|---|---|
| In the Matter of | ) |
| | ) Civ. No. 19-1192 (EGS) (D.D.C. filed |
| Giffords v. FEC: Issues Related to | ) April 24, 2019) |
| Court's Orders of September 30, 2021 | ) |

<u>CERTIFICATION</u>

I, Laura E. Sinram, Acting Secretary and Clerk of the Federal Election

Commission, do hereby certify that on October 04, 2021, the Commission

decided by a vote of 5-0, (b) (5)

to:

1.  Authorize the Office of General Counsel to comply with the Court's
    September 30, 2021 Minute Order in *Giffords v. FEC*, Civ. No. 19-
    1192 (EGS) (D.D.C. filed April 24, 2019).



Commissioners Broussard, Dickerson, Trainor, Walther, and Weintraub

voted affirmatively for the decision.  Commissioner Cooksey recused himself with

respect to this matter and did not vote.

Attest:

_____
October 4, 2021
        Date

_____
Laura E. Sinram
Acting Secretary and Clerk of the
Commission

BEFORE THE FEDERAL ELECTION COMMISSION

| | |
|---|---|
| In the Matter of | ) |
| | ) No. 19-1192 (EGS) (D.D.C. filed April |
| Giffords v. FEC: Issues Related to the | ) 24, 2019) |
| Court's Orders of September 30, 2021 | ) Agenda Document No. X21-30 |

CERTIFICATION

I, Vicktoria J. Allen, recording secretary for the Federal Election Commission executive

session on October 26, 2021, do hereby certify that the Commission failed by a vote of 3-0 to not

appeal the September 30, 2021 decision of the district court.

Commissioners Broussard, Walther, and Weintraub voted affirmatively for the motion.

Commissioners Dickerson and Trainor abstained. Commissioner Cooksey was recused and did

not vote.

Attest:

October 27, 2021
_____
Date

_____
Vicktoria J. Allen
Acting Deputy Secretary of the Commission

BEFORE THE FEDERAL ELECTION COMMISSION

| | |
|---|---|
| In the Matter of | ) |
| | ) No. 19-1192 (EGS) (D.D.C. September |
| Giffords v. FEC: The District Court's | ) 30, 2021) |
| Minute Order Setting a Status | ) Agenda Document No. X21-32 |
| Conference for November 1, 2021, and | ) |
| Further Proceedings Before the District | ) |
| Court | ) |

CERTIFICATION

I, Vicktoria J. Allen, recording secretary of the Federal Election Commission executive

session, do hereby certify that on October 26, 2021, the Commission took the following actions

in the above-captioned matter:

1. Decided by a vote of 5-0 to:

    Authorize the Office of General Counsel to comply with the
    Court's October 12, 2021 Minute Order in *Giffords v. FEC*, No.
    19-1192 (EGS) (D.D.C. filed April 24, 2019) to participate in the
    November 1, 2021 status conference.

Commissioners Broussard, Dickerson, Trainor, Walther, and Weintraub voted

affirmatively for the decision.  Commissioner Cooksey was recused and did not vote.



Federal Election Commission                                                    Page 2
Certification for *Giffords v. FEC,* No.19-1192 (EGS) (D.D.C. filed September 30, 2021)
October 26, 2021

Attest:

October 27, 2021
_____                    _____
        Date                                Vicktoria J. Allen
                                            Acting Deputy Secretary of the
                                            Commission

**Subject:**    Freedom of Information Act Request to the Federal Election Commission (2022-014)
**Date:**      Friday, March 25, 2022 at 3:02:33 PM Eastern Daylight Time
**From:**     FOIA
**To:**        Mike Bayes
**CC:**        Press
**Attachments:** 2022-014 Bayes Final Record.pdf

<u>VIA ELECTRONIC MAIL</u>

Mike Bayes
Holtzman Vogel Baran Torchinsky & Josefiak PLLC
2300 N Street, NW, Ste 643-A
Washington, DC  20037
(202) 737-8808
jmbayes@HoltzmanVogel.com

**Re:    Your Freedom of Information Act Request to the Federal Election Commission (2022-014)**

Dear Mr. Bayes,

This email responds to the request you filed on behalf of Josh Hawley for Senate, and Salvatore Purpura, Treasurer, for information under the Freedom of Information Act (FOIA) received by the Federal Election Commission's (FEC) FOIA Requester Service Center on November 23, 2021. Specifically, you requested:

> **Records of votes cast and Statements of Reason in MURs 7427, 7497, 7621, 7524, 7553, 7558, 7560, 7621, and 7654 and in *Giffords v. Federal Election Commission*, 1:19-cv-01192**

On January 7, 2022, the FOIA Service Center produced six pages of records responsive to your request, consisting of vote certifications in *Giffords v. FEC*, No. 19-1192.  We also informed you that we were withholding 32 pages of materials under FOIA Exemptions 3(A) and 5, which consist of vote certifications and a Statement of Reasons in MURs 7427, 7497, 7621, 7524, 7553, 7558, 7560, 7621, and 7654.

We have located one additional page of responsive records that is attached to this email.

This completes the FEC's response to your request.

You may contact our FOIA Public Liaison, Christine McClarin, at (202) 694-1485 for any further assistance and to discuss any aspect of your request.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at <u>ogis@nara.gov</u>; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Chief FOIA Officer, Federal Election Commission, 1050 First St., N.E., Washington, DC 20463, or

sending an e-mail to foia@fec.gov.  Any such appeal should follow the guidelines set forth in the Commission's FOIA regulations at 11 C.F.R. § 4.8.  Thank you for contacting the FEC.


Sincerely,

Steve N. Hajjar
FOIA Service Center

BEFORE THE FEDERAL ELECTION COMMISSION

In the Matter of                              )
                                              )   Civ. No. 19-1192 (EGS) (D.D.C. filed
Giffords v. FEC                               )   April 24, 2019)
                                              )

<u>CERTIFICATION</u>

I, Laura E. Sinram, recording secretary for the Federal Election Commission executive

session on May 23, 2019, do hereby certify that the Commission failed by a vote of 3-1 to release

the certification of the Commission in the vote for *Giffords v. FEC* and release it publicly.

Commissioners Hunter, Petersen, and Walther voted affirmatively for the motion.

Commissioner Weintraub dissented.

Attest:

_5/23/19_____                         _Laura E. Sinram_____
Date                                          Laura E. Sinram
                                              Deputy Secretary of the Commission

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GIFFORDS,

    Plaintiff,

v.

FEDERAL ELECTION COMMISSION,

    Defendant.

Case No. 1:19-cv-01192

Hon. Emmet G. Sullivan

_____/

## INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit A | Proposed Order |
| Exhibit B | FECA Confidentiality Waiver |
| Exhibit C | Certificate of Corporate Disclosure |

# EXHIBIT B

**WAIVER OF RESPONDENT'S RIGHTS OF CONFIDENTIALITY
GRANTED UNDER 52 U.S.C. § 30109**

Pursuant to 52 U.S.C. § 30109(a)(12), "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."

Furthermore, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made."   11 C.F.R. § 111.21(b) provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 CFR 111.18, may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission."   Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of Evidence or Federal Rules of Civil Procedure."

The **National Rifle Association of America Political Victory Fund** and the **National Rifle Association Institute of Legislative Action** are Respondents in the following related matters: MUR 7427; MUR 7497; MUR 7524; MUR 7553; MUR 7558; and MUR 7560.   MUR 7427, MUR 7497, MUR 7524, and MUR 7553 are currently the subject of litigation in Giffords v. FEC, 1:19-cv-01192 (D.D.C.).

**Respondents National Rifle Association of America Political Victory Fund and National Rifle Association Institute of Legislative Action do hereby waive any and all rights to confidentiality afforded to them under 52 U.S.C. § 30109 and 11 C.F.R. § 111.21, effective as of the date below, with respect to MUR 7427, MUR 7497, MUR 7524, and MUR 7553.**

The Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondents to disclose information regarding: (1) complaints filed with the Commission in the above stated matters; (2) notifications sent by the Commission in the above stated matters; (3) investigations conducted by the Commission in the above stated matters; and (4) findings made by the Commission in the above stated matters.

The Federal Election Commission, either as an agency or through individual Commissioners, is further authorized by the Respondents to disclose Responses filed on behalf of the Respondents in the above stated matters, in whole or in part.

*For Respondents National Rifle Association of America Political Victory Fund and National Rifle Association Institute of Legislative Action:*

John Frazer
General Counsel

November 3, 2021

Date

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GIFFORDS,

    Plaintiff,

                                            Case No. 1:19-cv-01192

v.                                         Hon. Emmet G. Sullivan

FEDERAL ELECTION COMMISSION,

    Defendant.

_____/

## INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit A | Matt Rosendale for Montana, confidentiality waiver |
| Exhibit B | Josh Hawley for Senate, confidentiality waiver |
| Exhibit C | Ron Johnson for Senate, confidentiality waiver |
| Exhibit D | Cotton for Senate, confidentiality waiver |
| Exhibit E | On Message, Inc., and Starboard Strategic, Inc., confidentiality waiver |
| Exhibit F | The Thom Tillis Committee and Collin McMichael, confidentiality waiver |
| Exhibit G | National Media Research Planning and Placement, LLC, Red Eagle Media Group, and American Media & Advocacy Group, confidentiality waiver |
| Exhibit H | Make America Great Again PAC, f/k/a Donald J. Trump for President, Inc., confidentiality waiver |
| Exhibit I | Senator Richard Burr, the Richard Burr Committee, and Timothy W. Gupton, confidentiality waiver |

# EXHIBIT A



CHRIS K. GOBER

PO BOX 341016
AUSTIN, TX 78734

512.354.1783 DIRECT
CG@GOBERGROUP.COM

November 19, 2021

Federal Election Commission
1050 First Street, NE
Washington, DC 20463

> Re:   **Waiver of Rights of Confidentiality**

Dear Commissioners and Staff:

I am Matt Rosendale for Montana's counsel of record in four pending Federal Election Commission ("Commission") MURs—7497, 7560, 7621, and 7654—that that assert similar facts and allegations.

Pursuant to 52 U.S.C. § 30109(a)(12), "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made." Furthermore, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made." 11 C.F.R. § 111.21(b) provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 CFR 111.18, may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission." Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of Evidence or Federal Rules of Civil Procedure."

**The purpose of this letter is to formally notify the Commission that Matt Rosendale for Montana hereby waives any and all rights to confidentiality afforded to it under 52 U.S.C. §**

FEDERAL ELECTION COMMISSION
NOVEMBER 19, 2021
PAGE 2 OF 2

**30109 and 11 C.F.R. § 111.21, effective as of the date below, with respect to MURs 7497, 7560, 7621, and 7654.**

Without limiting the foregoing, the Commission, either as an agency or through individual Commissioners, is authorized by Matt Rosendale for Montana to disclose information regarding: (i) complaints filed with the Commission in the above stated matters; (ii) notifications sent by the Commission in the above stated matters; (iii) investigations conducted by the Commission in the above stated matters; and (iv) findings made by the Commission in the above stated matters.

In addition, the Commission, either as an agency or through individual Commissioners, is authorized by Matt Rosendale for Montana to disclose the responses filed on behalf of Matt Rosendale for Montana in MURs 7497, 7560, 7621, and 7654, in whole or in part, and any votes taken in connection with the above stated matters.

If the Commission has additional questions related to this waiver, please do not hesitate to contact me at (512) 354-1783 or cg@gobergroup.com.

Sincerely,

Chris K. Gober
Counsel to Matt Rosendale for Montana,
   and Errol Galt, in his official capacity as Treasurer

# EXHIBIT B

## WAIVER OF RESPONDENT'S RIGHTS OF CONFIDENTIALITY
## GRANTED UNDER 52 U.S.C. § 30109

Pursuant to 52 U.S.C. § 30109(a)(12), "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."

Furthermore, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made." 11 C.F.R. § 111.21(b) provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 CFR 111.18, may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission." Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of Evidence or Federal Rules of Civil Procedure."

**Josh Hawley For Senate** is a Respondent in MUR 7524 and MUR 7560. MUR 7524 is currently a subject of litigation in Giffords v. FEC, 1:19-cv-01192 (D.D.C.).

**Respondents Josh Hawley For Senate does hereby waive any and all rights to confidentiality afforded to them under 52 U.S.C. § 30109 and 11 C.F.R. § 111.21, effective as of the date below.**

Without limiting the foregoing, the Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondent to disclose information regarding: (1) complaints filed with the Commission in the above stated matters; (2) notifications sent by the Commission in the above stated matters; (3) investigations conducted by the Commission in the above stated matters; and (4) findings made by the Commission in the above stated matters.

In addition, the Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondent to disclose Responses filed on behalf of the

Respondent in the above stated matters, in whole or in part, and any votes taken in connection with the above stated matters.

*For Respondent Josh Hawley For Senate:*

_____                    11/3/21
[NAME]           Salvatore Purpura          _____
[Position]       Treasurer                  Date

# EXHIBIT C

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3986
Mnewton@jonesday.com

November 4, 2021

VIA E-MAIL TO CELA@FEC.GOV

Federal Election Commission
c/o Office of Complaints Examination and Legal Administration
1050 First Street, N.E.
Washington, DC 20463

> Re:   **Matter Under Review 7427**
> **(Notice of Consent under 52 U.S.C. § 30109(a)(12))**

Dear Commissioners:

On behalf of Ron Johnson for Senate ("the Campaign"), I write in regard to MUR 7427[1] to provide the Campaign's consent to waive its confidentiality protections under 52 U.S.C. § 30109(a)(12) with regard to the proceedings to date.

As the Campaign made clear in its original response in this matter, the Complainants never alleged that Ron Johnson for Senate violated the law.  To the contrary, their Complaint openly recognizes that the Campaign did not engage in prohibited coordination under 11 C.F.R. § 109.21. *See* Compl. ¶ 53 n.103 (citing 11 C.F.R. § 109.21(b)).  Indeed, Complainants never even named the Campaign as a Respondent or sought a penalty against the Campaign.  As such, there was absolutely no basis for the FEC to generate the Campaign as a Respondent in this matter let alone find reason to believe that a violation occurred.  Nevertheless, the FEC generated the Campaign as a Respondent to the Complaint.

The Committee reserves its rights to rescind its consent in the event of any future FEC notification(s) or investigation(s) in connection with the MURs referenced in this letter.  Thank you for your attention to this matter.

---

[1] In addition, to the extent the Campaign was generated as a Respondent in any of the other MURs filed by the same Complainants and raising similar issues (MURs 7497, 7524, and 7553), the Campaign hereby waives the confidentiality protections in those matters as well.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Federal Election Commission
November 4, 2021
Page 2

Respectfully,

*Megan Sowards Newton*

Megan Sowards Newton

CC:    Chair Shana M. Broussard (*via email to Commission Secretary*)
        Vice Chairman Allen Dickerson (*via email to Commission Secretary*)
        Commissioner Sean J. Cooksey (*via email to Commission Secretary*)
        Commissioner James E. "Trey" Trainor (*via email to Commission Secretary*)
        Commissioner Steven T. Walther (*via email to Commission Secretary*)
        Commissioner Ellen L. Weintraub (*via email to Commission Secretary*)

# EXHIBIT D

## WAIVER OF RESPONDENT'S RIGHTS OF CONFIDENTIALITY
## GRANTED UNDER 52 U.S.C. § 30109

Pursuant to 52 U.S.C. § 30109(a)(12), "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."

Furthermore, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made." 11 C.F.R. § 111.21(b) provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 CFR 111.18, may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission." Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of Evidence or Federal Rules of Civil Procedure."

**Cotton For Senate** is a Respondent in MUR 7427.  MUR 7427 is currently a subject of litigation in Giffords v. FEC, 1:19-cv-01192 (D.D.C.).

**Respondent Cotton For Senate does hereby waive any and all rights to confidentiality afforded to it under 52 U.S.C. § 30109 and 11 C.F.R. § 111.21, effective as of the date below, in the above stated matter.**

Without limiting the foregoing, the Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondent to disclose information regarding: (1) complaints filed with the Commission in the above stated matters; (2) notifications sent by the Commission in the above stated matters; (3) investigations conducted by the Commission in the above stated matters; and (4) findings made by the Commission in the above stated matters.

In addition, the Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondent to disclose Responses filed on behalf of the

Respondent in the above stated matters, in whole or in part, and any votes taken in connection with the above stated matters.

*For Respondent Cotton For Senate:*

_____          _____
[NAME]  Theodore V. Koch                   11-4-2021
[Position]  Treasurer                       Date

# EXHIBIT E

**WAIVER OF RESPONDENT'S RIGHTS OF CONFIDENTIALITY
GRANTED UNDER 52 U.S.C. § 30109**

Pursuant to 52 U.S.C. § 30109(a)(12), "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."

Furthermore, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made." 11 C.F.R. § 111.21(b) provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 CFR 111.18, may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission." Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of Evidence or Federal Rules of Civil Procedure."

**OnMessage, Inc.** and **Starboard Strategic, Inc.** are Respondents in the following related matters: MUR 7427; MUR 7497; and MUR 7524.  MUR 7427, MUR 7497, and MUR 7524 are currently the subject of litigation in Giffords v. FEC, 1:19-cv-01192 (D.D.C.).

**Respondents OnMessage, Inc. and Starboard Strategic, Inc. do hereby waive any and all rights to confidentiality afforded to them under 52 U.S.C. § 30109 and 11 C.F.R. § 111.21, effective as of the date below.**

Without limiting the foregoing, the Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondents to disclose information regarding: (1) complaints filed with the Commission in the above stated matters; (2) notifications sent by the Commission in the above stated matters; (3) investigations conducted by the Commission in the above stated matters; and (4) findings made by the Commission in the above stated matters.

In addition, the Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondents to disclose Responses filed on behalf of the

Respondents in the above stated matters, in whole or in part, and any votes taken in connection with the above stated matters.

*For Respondents OnMessage, Inc. and Starboard Strategic, Inc.:*

_(signature)_         11-3-21

[NAME]    Bradley A. Todd        Date
[Position]   Partner

# EXHIBIT F

## WAIVER OF RESPONDENT'S RIGHTS OF CONFIDENTIALITY
## GRANTED UNDER 52 U.S.C. § 30109

Pursuant to 52 U.S.C. § 30109(a)(12), "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."

Furthermore, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made." 11 C.F.R. § 111.21(b) provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 CFR 111.18, may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission." Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of Evidence or Federal Rules of Civil Procedure."

**The Thom Tillis Committee and Collin McMichael,** in his capacity as Treasurer of the Thom Tillis Committee (collectively "Respondents") are Respondents in the following related matters: **MUR 7427** currently the subject of litigation in Giffords v. FEC, 1:19-cv-01192 (D.D.C.).

**Respondents do hereby waive any and all rights to confidentiality afforded under 52 U.S.C. § 30109 and 11 C.F.R. § 111.21, effective as of the date below.**

The Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondent to disclose information regarding: (1) complaints filed with the Commission in the above stated matters; (2) notifications sent by the Commission in the above stated matters; (3) investigations conducted by the Commission in the above stated matters; and (4) findings made by the Commission in the above stated matters. The Federal Election Commission, either as an agency or through individual Commissioners, is further authorized by the Respondent to disclose Responses filed on behalf of the Respondent in the above stated matters, in whole or in part.

*For the Thom Tillis Committee and Collin McMichael is his capacity as Treasurer of the Thom Tillis Committee*


_____          11-3-21
Roger W. Knight                            _____
Attorney for Respondents                   Date

# EXHIBIT G

**WAIVER OF RESPONDENT'S RIGHTS OF CONFIDENTIALITY
GRANTED UNDER 52 U.S.C. § 30109**

Pursuant to 52 U.S.C. § 30109(a)(12), "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."

Furthermore, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made." 11 C.F.R. § 111.21(b) provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 CFR 111.18, may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission." Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of Evidence or Federal Rules of Civil Procedure."

**National Media Research Planning and Placement, LLC, Red Eagle Media Group, and American Media & Advocacy Group** are Respondents in the following related matters: MUR MUR 7524; MUR 7553; MUR 7558; MUR 7560. MUR 7524 and MUR 7553 are currently the subject of litigation in Giffords v. FEC, 1:19-cv-01192 (D.D.C.).

**Respondents National Media Research Planning and Placement, LLC, Red Eagle Media Group, and American Media & Advocacy Group do hereby waive any and all rights to confidentiality afforded to them under 52 U.S.C. § 30109 and 11 C.F.R. § 111.21, effective as of the date below.**

Without limiting the foregoing, the Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondents to disclose information regarding: (1) complaints filed with the Commission in the above stated matters; (2) notifications sent by the Commission in the above stated matters; (3) investigations conducted by the Commission in the above stated matters; and (4) findings made by the Commission in the above stated matters.

In addition, the Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondents to disclose Responses filed on behalf of the

Respondents in the above stated matters, in whole or in part, and any votes taken in connection with the above stated matters.

*For Respondents National Media Research Planning and Placement, LLC, Red Eagle Media Group, and American Media & Advocacy Group:*


Jon Ferrell, CFO                              11-3-21
_____            _____
[NAME]                                                    Date
[Position]

# EXHIBIT H

# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, D.C.  20001.2113

TELEPHONE: +1.202.879.3939  •  FACSIMILE: +1.202.626.1700

DIRECT NUMBER: (202) 879-3951
SCROSLAND@JONESDAY.COM

November 3, 2021

<u>VIA E-MAIL</u>

Federal Election Commission
C/O Office of Complaints Examination and Legal Administration
1050 First Street, N.E.
Washington, DC 20463

      **Re:**     **Notice of Consent under 52 U.S.C. § 30109(a)(12), 11 C.F.R.
§ 111.21**

Dear Commissioners:

On behalf of Make America Great Again PAC, f/k/a Donald J. Trump for President, Inc. ("the Committee"), we write in regard to MUR 7553.

As the Commissioners should know by now, the complaint in MUR 7553, filed by Campaign Legal Center and Giffords, openly acknowledged that there was no basis for reason to believe there had been a violation by the Committee. *See* MUR 7553, Compl. ¶ 50 n.95 (citing 11 C.F.R. § 109.21(b)(2)). In fact, the complaint did not assert any of its "Causes of Action" against the Committee, did not seek a penalty against the Committee in its "Prayer for Relief," and did not even name the Committee as a respondent in its caption. This alone should have ended the matter as to the Committee. Yet the FEC generated the Committee as a respondent to the complaint nonetheless.

Consistent with the Statement issued by Vice Chair Dickerson on November 1, 2021, the **Committee now writes to provide its consent, effective immediately, to waive any and all of its confidentiality protections under 52 U.S.C. § 30109(a)(12) and 11 C.F.R. § 111.21 with regard to MUR 7553**—a matter which the complainants already have made a matter of public record. *See* 52 U.S.C. § 30109(a)(12); 11 C.F.R. § 111.21. **The Committee reserves its rights to rescind its consent in the event of any future notification(s) or investigation as to the Committee in connection with MUR 7553.**

Furthermore, the Committee has no record of receiving any notification that it was generated as a respondent in any of MURs 7427, 7497, or 7524, which we understand were filed by the same complainants and may involve some similar issues as MUR 7553. **In the event the FEC has generated the Committee as a respondent in either MUR 7427, 7497, or 7524, the**

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Federal Election Commission
November 3, 2021
Page 2


**Committee also waives any and all of its confidentiality protections under 52 U.S.C. § 30109(a)(12) and 11 C.F.R. § 111.21 with regard those matters, effective immediate. The Committee reserves its rights to rescind such consent in the event of any future notification(s) or investigation as to the Committee in connection with any of these MURs.**

Respectfully,

E. Stewart Crosland

CC:    Chair Shana M. Broussard (*via email to Commission Secretary*)
Vice Chair Allen Dickerson (*via email to Commission Secretary*)
Commissioner Sean J. Cooksey (*via email to Commission Secretary*)
Commissioner James E. "Trey" Trainor (*via email to Commission Secretary*)
Commissioner Steven T. Walther (*via email to Commission Secretary*)
Commissioner Ellen L. Weintraub (*via email to Commission Secretary*)

# EXHIBIT I

## WAIVER OF RESPONDENT'S RIGHTS OF CONFIDENTIALITY
## GRANTED UNDER 52 U.S.C. § 30109

Pursuant to 52 U.S.C. § 30109(a)(12), "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."

Furthermore, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made." 11 C.F.R. § 111.21(b) provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 CFR 111.18, may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission." Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of Evidence or Federal Rules of Civil Procedure."

**Senator Richard Burr, the Richard Burr Committee and Timothy W. Gupton,** in his capacity as Treasurer of the Richard Burr Committee, are Respondents in the following related matters: **MUR 7560** currently the subject of litigation in Giffords v. FEC, 1:19-cv-01192 (D.D.C.).

**Respondents do hereby waive any and all rights to confidentiality afforded under 52 U.S.C. § 30109 and 11 C.F.R. § 111.21, effective as of the date below.**

The Federal Election Commission, either as an agency or through individual Commissioners, is authorized by the Respondent to disclose information regarding: (1) complaints filed with the Commission in the above stated matters; (2) notifications sent by the Commission in the above stated matters; (3) investigations conducted by the Commission in the above stated matters; and (4) findings made by the Commission in the above stated matters. The Federal Election Commission, either as an agency or through individual Commissioners, is further authorized by the Respondent to disclose Responses filed on behalf of the Respondent in the above stated matters, in whole or in part.

*For Senator Richard Burr, the Richard Burr Committee and Timothy W. Gupton is his capacity as Treasurer of the Richard Burr Committee*


_____                    11-3-21
Roger W. Knight                                      Date
Attorney for Respondents